MATTHEW BERRY
GENERAL COUNSEL

TODD B. TATELMAN
DEPUTY GENERAL COUNSEL

BROOKS M. HANNER
ASSOCIATE GENERAL COUNSEL

SARAH E. CLOUSE
ASSOCIATE GENERAL COUNSEL

BRADLEY CRAIGMYLE
ASSOCIATE GENERAL COUNSEL

**U.S. HOUSE OF REPRESENTATIVES**
**OFFICE OF GENERAL COUNSEL**
5140 O'NEILL HOUSE OFFICE BUILDING
WASHINGTON, DC 20515-6532
(202) 225-9700
FAX: (202) 226-1360

April 19, 2023

**VIA EMAIL (catherine_wolfe@ca2.uscourts.gov)**

Catherine O'Hagan Wolfe
Clerk of Court
Thurgood Marshall United States Courthouse
40 Foley Square New York, New York 10007

      Re:    *Bragg v. Jordan*, 1:23-cv-03032-MKV (S.D.N.Y.)

Dear Ms. Wolfe:

      I write on behalf of the Honorable Jim Jordan and the Committee on the Judiciary of the U.S. House of Representatives ("Congressional Defendants") to inform the Court that Congressional Defendants categorically oppose any form of relief requested that would interfere with the Committee's scheduled deposition of Mark Pomerantz, currently set for 10:00 am tomorrow, April 20, 2023. Appellant Alvin Bragg has asked for what he has styled an interim administrative stay and stay pending appeal. Appellant has not shown that this Court will likely reverse the District Court's decision, and nothing has changed in the last few hours that meaningfully alters the analysis. The Committee is legally entitled to take Mr. Pomerantz's deposition, and any relief interfering with the scheduled deposition would be improper.

      Appellant is seeking an "extraordinary remedy" by asking this Court to enjoin a duly issued Congressional subpoena. *Nken v. Holder*, 556 U.S. 418, 428 (2009). And because he is asking for "an injunction issued in the first instance by an appellate court," he must make more than even a strong showing that he is likely to succeed on the merits, *Agudath Israel of Am. v. Cuomo*, 979 F.3d 177, 180 (2d Cir. 2020). Appellant falls well short here.

      Appellant brought this case against the House Judiciary Committee and its Chairman to challenge a Congressional subpoena. It thus implicates the Speech or Debate Clause. U.S. Const. Art. I, § 6, cl. 1. As the District Court explained, a court's role "in evaluating a congressional subpoena is strictly limited to determining only whether the subpoena is 'plainly incompetent or irrelevant to any lawful purpose ... in the discharge of [the Committee's] duties.'" ECF 44 at 11 (citation omitted). Congressional Defendants pointed to valid legislative purposes relevant to the subpoena: the use of federal funds and whether local prosecutions of former Presidents should be removable to federal court to vindicate the federal interest in the Presidency. In the District Court's view, the federal-fund purpose is, "standing alone," enough to justify the subpoena and end the analysis. *Id.* Appellant's counsel even conceded at the injunction hearing below that this purpose is a valid one. At bottom, Appellant's arguments are attempts to reframe the investigation's purpose and to second guess the Committee's motives. As the District Court found, those attempts fail. *See id.* at 13-24.

Catherine O'Hagan Wolfe
Clerk of Court
April 19, 2023
Page 2

Moreover, appellant's argument that it will suffer any harm—let alone irreparable harm—is difficult to understand because Pomerantz will be answering questions at the deposition about an investigation that he has written a book about and been interviewed about on national television programs such as 60 Minutes.

Far from causing harm to Appellant, unduly delaying Mr. Pomerantz's deposition will severely burden the ability of the Committee to carry out its investigation in a timely manner. *First*, Mr. Pomerantz is a key witness in the Committee's investigation, uniquely situated to provide information that is relevant and necessary to inform potential legislative reforms, and is in a position where the Committee can obtain his testimony without deposing a current employee of the Office, as the District Court noted. Obtaining Mr. Pomerantz's testimony in a prompt fashion will allow the Committee to assess whether other investigative measures are necessary.

*Second*, Congressional Defendants are currently prepared to depose Mr. Pomerantz tomorrow. All of the required procedures have been followed and the necessary arrangements have been made. Notice was given pursuant to the Committee's rules and the Members of the Committee have coordinated their schedules to be available to participate, along with Committee attorneys and staff. Appropriate space and a court reporter have been secured. The Committee understands that Mr. Pomerantz has made travel plans to appear. Postponing this Congressional deposition merely a few hours before it is to commence will be extremely disruptive to the Committee and will unnecessarily hinder the investigation.[1] The Supreme Court has explicitly counseled against such an intrusion into the constitutional prerogatives of a Congressional committee. *See Eastland v. U.S. Servicemen's Fund*, 421 U.S. 491, 511 (1975) ("This case illustrates vividly the harm that judicial interference may cause. … The Clause was written to prevent the need to be confronted by such 'questioning' and to forbid invocation of judicial power to challenge the wisdom of Congress' use of its investigative authority.").

For these reasons, as well as those described by the District Court, Appellant has failed to make the required showing for a stay. Further briefing would not change the applicable case law or the legitimate legislative purpose for the Committee's subpoena to Mr. Pomerantz, but it would inflict serious harm on the Committee. In the interest of judicial efficiency, the Court should decline to impose a stay without considering further arguments from the parties. However, consistent with my conversation with the Clerk of the Court, if the Court were to grant an administrative stay, the Committee would expect to file a more fulsome response to the Emergency Application.

---

[1] Appellant in his emergency filing makes much of the fact that in other cases prior Congressional Defendants have been willing to delay the return date on subpoenas, but what they conveniently fail to mention is that in those instances the subpoenas were for *documents*, not an in-person deposition. As explained, the procedural, practical, and logistical hurdles for delaying a deposition—one that Appellant has been aware of for nearly two weeks—are far more challenging and potentially harmful to the Committee than delaying the receipt of documents from a third-party subpoena recipient.

Catherine O'Hagan Wolfe
Clerk of Court
April 19, 2023
Page 3

          Respectfully submitted,

          /s/*Matthew Berry*

          Matthew Berry

          *Counsel for Congressional Defendants*